UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| GLENN C. RICHARDSON | ) | |
| and | ) | |
| KAREN M. RICHARDSON | ) | Case No. 19-31046-jal |
| | ) | Chapter 7 |
| Debtors | ) | |
| | ) | |
| ICELAND SPORTS COMPLEX, LLC, | ) | Adv. No. 19-03026-jal |
| Plaintiff | ) | |
| V. | ) | |
| GLENN C. RICHARDSON | ) | |
| and | ) | |
| KAREN M. RICHARDSON | ) | |
| Defendants | ) | |

\* \* \* \* \*

## MEMORANDUM OPINION

This matter is before the Court on the Motion for Summary Judgment of the Plaintiff, Iceland Sports Complex, LLC ("**Iceland**"), seeking an order that a debt owed to it for conversion by the Defendants and Debtors, Glenn and Karen Richardson ("**the Richardsons**"), is nondischargeable.

1

This Court has jurisdiction over this adversary proceeding pursuant to Section 523 of the Bankruptcy Code and 28 U.S.C. § 1334. This case is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and 157(b)(2)(J). For reasons set forth below, the Court finds that the Richardsons' debt resulting from the Jefferson Circuit Court judgment against them is nondischargeable under 11 U.S.C. § 523(a)(6).

## FACTUAL AND PROCEDURAL BACKGROUND

The debt at issue is based on a State Court order entered on June 23, 2020 by the Jefferson Circuit Court, Division Eight in Louisville, Kentucky, granting summary judgment in favor of Iceland on the merits of its conversion claim against the Richardsons. That State Court order granted summary judgment based on the Richardsons' guilty pleas and resulting criminal convictions for wire fraud under 18 U.S.C. § 1343 and 18 U.S.C. § 2. Those judgments were entered on February 5, 2018 in the United States District Court for the Western District of Kentucky.

In its order, the Jefferson Circuit Court granted summary judgment to Iceland on the merits of its conversion claim but did not determine the amount of damages owed to Iceland. As such, the amount of the debt owed by the Richardsons to Iceland on the conversion for which they have been found liable has not yet been determined. Nevertheless, this Court can still find that the eventual damages, which are appropriately determined by the Jefferson Circuit Court at trial, are a nondischargeable debt because they are damages for willful and malicious injury under 11 U.S.C. § 523(a)(6).

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the Court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002); *see generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997).

In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *Tennessee Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996). Absent such evidence from the nonmoving party, the Court need not comb the entire record to determine if any of the available evidence could be construed in such a light. *See Poss v. Morris (In re Morris)*, 260 F.3d 654, 665 (6th Cir. 2001) (holding that the "trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact").

## DISCUSSION

A federal court deciding whether to apply issue preclusion to an earlier state court judgment must first examine the issue preclusion law of the state in which the judgment was rendered. *Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315, 317 (6th Cir. 1997) (quoting *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 375 (1985)). Because the conversion judgment was entered by the Jefferson Circuit Court, this Court must look to Kentucky

issue preclusion law.[1] For Plaintiffs to prevail on their Motion for Summary Judgment, they must satisfy the following elements of issue preclusion under Kentucky law:

> (1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Ark. Coals, Inc. v. Lawson*, 739 F.3d 309, 320–21 (6th Cir. 2014) (*quoting Georgia–Pacific Consumer Products LP v. Four–U–Packaging, Inc.*, 701 F.3d 1093, 1098 (6th Cir. 2012)).

To meet the first element of issue preclusion and prove that the issues before this Court are the same as those previously raised and litigated, Plaintiffs must show that the prior decisions satisfy the elements of their claims under the Bankruptcy Code. *MarketGraphics Research Grp., Inc. v. Berge (In re Berge)*, 953 F.3d 907, 917 (6th Cir. 2020). In other words, this Court must determine whether the conduct for which the Jefferson Circuit Court found the Richardsons liable is a "willful and malicious injury" under § 523(a)(6) of the Bankruptcy Code. If it is, and if the other elements of issue preclusion are met, then the doctrine acts to prevent relitigation of that conduct, and the judgment debt resulting from that liability must be held nondischargeable under § 523(a)(6) as a debt for a willful and malicious injury.

Courts in the Sixth Circuit have held that conversion of property is conduct that falls within the definition of a willful and malicious injury for nondischargeability purposes. *See Steier v. Best (In re Best)*, 109 F. App'x 1, 4 (6th Cir. 2004) (listing "conversion" among the "types of misconduct [that] satisfy the willful and malicious injury standard"). Following Sixth Circuit

---

[1] The doctrine of issue preclusion is also known by the older term "collateral estoppel," and many relevant opinions refer to the doctrine as such. However, the Supreme Court has indicated that it prefers "issue preclusion" over the "more confusing lexicon" of collateral estoppel. *Taylor v. Sturgell*, 553 U.S. 880, 892 n.5 (2008).

precedent, courts in this Circuit and District have held that state court judgments for conversion have preclusive effect rendering those judgments nondischargeable as a willful and malicious injury under § 523(a)(6). *See Cornerstone Indus. Corp. v. Kaufman* (*In re Kaufman*), 535 B.R. 742, 748 (Bankr. W.D. Ky. 2015) (*citing Staskus v. Gene Weiss' Place For Fitness*, 145 F.3d 1333 (Table), 1998 WL 242339 (6th Cir. 1998)); *see also Kasishke v. Frank* (*In re Frank*), 425 B.R. 435, 443 (Bankr. W.D. Mich. 2010).

To be held nondischargeable, the Richardsons' liability must be for an injury that is both "willful" and "malicious" – these are separate elements under § 523(a)(6) that must both be met for the discharge exception to apply. *In re Berge*, 953 F.3d at 914. A "willful" injury stems from conduct by which a defendant intended "the consequences of an act, not simply the act itself." *Kawaauhau v. Geiger*, 523 U.S. 57, 61–62 (1998). For the injury to be "malicious," the debtor must have acted "in conscious disregard of one's duties or without just cause or excuse." *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986). Despite the fact that "in many cases, the same facts that support a finding of willful conduct under § 523(a)(6) will likewise support a finding that the debtor acted with malice," courts must nonetheless "analyze independently whether a debtor has willfully, and also maliciously, injured the creditor before rendering a debt non-dischargeable in accordance with § 523(a)(6)." *In re Berge*, 953 F.3d at 916.

The facts of this case indicate that the Richardsons' conduct constitutes both a willful and malicious injury. The willfulness of the injury can be ascertained from the record supplied by the Jefferson Circuit Court and the District Court, which describe a course of repetitive injurious conduct by the Richardsons – "depositing money that wasn't theirs into an account that was." *Iceland Sports Complex, LLC. v. Glenn C. Richardson, et al.*, No. 12-CI-05397 (Jeff. Cir. Ct., June 23, 2020). Even more indicative of the willfulness of this conversion is the fact that the deposits

5

of Iceland funds into the Richardsons' account continued over the span of six years, from 2005 to 2011. There is no suggestion from the record that any of this conduct – six years of depositing an employer's funds into an employee's account – was accidental.

Finally, the willfulness of the Richardsons' conversion is demonstrated by their guilty pleas and convictions in criminal court for wire fraud arising out of the same transaction. The wire fraud statute under which the Richardsons were convicted, 18 U.S.C. § 1343, carries an intent requirement. *United States v. Daniel*, 329 F.3d 480, 487 (6th Cir. 2003) ("To convict a defendant of wire fraud the government must prove specific intent"). Pleas and convictions for criminal conduct that also leads to liability in civil court for the same conduct can be properly used by bankruptcy courts to inform a debtor's willfulness for nondischargeability purposes. *See West Am. Ins. Co. v. Morris* (*In re Morris*), 229 B.R. 683, 685 (Bankr. E.D. Ky. 1999) (holding nondischargeable a state court civil judgment based on the debtor's burglary for which he was also criminally convicted, and ruling that the debtor's criminal guilty plea demonstrated his intent to harm the plaintiff and fulfilled the willful injury requirement of § 523(a)(6)); *see also In re Selig*, 2018 WL 889350, at *4, *7 (Bankr. E.D.N.Y. Jan. 24, 2018) ("As a result of the plea, the Defendant admitted to possessing the criminal intent…, and as a result of the civil judgment, the Defendant's criminal act has been tied to the harm inflicted upon the Plaintiff… Her criminal conviction by plea is conclusive proof of her intent to harm the Plaintiff, and the Defendant is collaterally estopped from re-litigating the issue.") The Richardsons' actions occurred over the course of six years and involved a scheme of regularly depositing checks made out to Iceland into their own personal account, and they pled guilty and were convicted of wire fraud for that conduct. As such, the injury caused by the Richardsons was willful.

The injury was also malicious, because the Richardsons acted with conscious disregard to their duties, including especially their fiduciary duties owed to Iceland as their employer. The seriousness of the conduct, such that it led to criminal convictions, and the long period of time during which it took place, also establish the maliciousness of the injury. Hence, both the "willful injury" and "malicious injury" elements are met, and the debt arising from this injury is nondischargeable under § 523(a)(6). This means that the "precise issue" of that debt's nondischargeability was raised and litigated in the Jefferson Circuit Court opinion on which Iceland's motion for summary judgment relies, fulfilling the first element of issue preclusion.

There is also no doubt that the determination of this issue was necessary to the outcome of the prior proceedings, or that the prior proceedings resulted in a final judgment on the merits. The Richardsons' intent in depositing Iceland checks in their own account, and the maliciousness of that conduct, were evinced by and necessary to their criminal convictions in District Court and the final judgment against them in Jefferson Circuit Court. Hence, the second and third elements of issue preclusion are also met. And finally, the Richardsons had a full and fair opportunity to litigate their conduct during the criminal trial against them in District Court, meeting the fourth element of issue preclusion. *See Gossage v. Roberts*, 904 S.W.2d 246, 249 (Ky. Ct. App. 1995) (holding that a defendant's ability to raise defenses in criminal court provided a "full and fair opportunity" to litigate his criminal conduct which was later the subject of a civil suit against him).

## **CONCLUSION**

Because all the elements of issue preclusion have been met, the Richardsons are precluded from relitigating their conduct in depositing Iceland funds into their personal check account. After examining the records from the Jefferson Circuit Court order holding the Richardsons liable for conversion, and from the District Court for the Western District of Kentucky in which they pled

guilty and were convicted of wire fraud, together with the parties' pleadings before this Court, there remains no issue as to any material fact on the question of whether the Richardsons' liability for conversion is nondischargeable. That conduct meets the elements of a nondischargeable debt for a willful and malicious injury under § 523(a)(6). A separate order will be entered directing that the amount of the Richardsons' debt for conversion liability, which at this time is undetermined by the Jefferson Circuit Court, will be held nondischargeable.  Therefore, the unliquidated debt owed to Iceland Sports Complex, LLC for conversion by the Defendants and Debtors, Glenn and Karen Richardson, is nondischargeable.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: October 6, 2020

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GLENN C. RICHARDSON | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KAREN M. RICHARDSON | ) | Case No. 19-31046-jal |
| | ) | |
| | ) | Chapter 7 |
| Debtors | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| ICELAND SPORTS COMPLEX, LLC, | ) | Adv. No. 19-03026-jal |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| GLENN C. RICHARDSON | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KAREN M. RICHARDSON | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

\* \* \* \* \*

## **ORDER**

Pursuant to the Memorandum Opinion entered this date and incorporated herein by reference, and the Court being duly and sufficiently advised,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment of the Plaintiff, Iceland Sports Complex, LLC, be and hereby is GRANTED. There are no genuine issues of material fact, and Plaintiff is entitled to Judgment in its favor as a matter of

9

law. Therefore, the debt owed to Plaintiff by defendants, Debtors Glenn C. Richardson and Karen M. Richardson, for conversion be and hereby is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). This is a final and appealable judgment. There is no just cause for delay.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: October 6, 2020